IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL STANTON,

      Plaintiff,

v.                                          CASE NO. 4:08-cv-00279-MP-AK

L BOCKLEMAN, DAN CLARK, TRACIE CRAWFORD, MONICA DAVID, TERI GILLIAM,
DUANE SPEARS,

      Defendants.

_____/

**O R D E R**

      This matter is before the Court on Doc. 29, First Motion to Dismiss, filed by Tracie

Crawford.  The Motion has been adopted by Dan Clark, Doc. 32.  Plaintiff has not responded to

the motion to dismiss, despite having eleven months to do so.  The issue is now ripe for analysis.

For the reasons explained below, the motion will be granted, and this case dismissed.

**Background**

      Mr. Stanton was released from prison on April 20, 2004, under a conditional release

program, which required him to comply with various restrictions.  Mr. Stanton alleges that he

asked several times to have his supervised release transferred from Florida to North Carolina,

where he would have preferred to have lived and work, but that his requests were ignored.  Mr.

Stanton then left Florida for North Carolina anyway, and was arrested on May 1, 2005, in

Georgia, on a warrant issued by the Florida Parole Commission for violation of conditional

release.

      He was given a hearing, at which he alleges his parole supervisor testified falsely that

Mr. Stanton never requested to transfer his supervision to North Carolina.  As a result of that

hearing, he was returned to prison, where he is currently confined. Mr. Stanton alleges in his First Amended Complaint, Doc. 13, that he is entitled to money damages in the amount of the money he would have been paid were he not in prison, calculated from the date of the revocation of his supervised release.

## Legal Standard

Under Heck v. Humphrey, 512 U.S. 477, 486-487,114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." According to the Supreme Court "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

The Heck rule stems from Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), in which the Court held that the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus. The Court explained that such an action amounts to an attack on "the very duration of … physical confinement," and thus it lies at "the core of habeas corpus." Id. at 487-488.

Following <u>Heck</u>, the Court extended the reasoning of <u>Heck</u> by holding that a prisoner's "claim for [either] declaratory relief" or monetary damages based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. *See* <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) Moreover, the Court in <u>Edwards</u> determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." Id. at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." Id. at 649.

## Analysis

The plaintiff here seeks declaratory judgment and money damages from the date of his supervised release in 2004.  He claims that because the conditions of his release were unconstitutionally improper, his subsequent incarceration for violation of the conditions of his supervision was improper, and so he is entitled to a remedy for his injury, specifically the money he was not able to make because he was imprisoned and not free in North Carolina as he would have preferred.  Mr. Stanton admits that he was afforded notice and a hearing before his supervised release was revoked, and does not allege that he is presently free or that the Florida Parole Commission's decision revoking his conditional release has been otherwise vacated or reversed.

Though his complaint asks for money damages, Mr. Stanton's victory in this lawsuit, which is based upon allegations of unconstitutional confinement, would undermine the legal basis for that present confinement.  As such, his 42 U.S.C. § 1983 claim is barred by <u>Heck v.</u>

*Case No: 4:08-cv-00279-MP-AK*

<u>Humphrey</u>.  Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      Doc 29, First Motion to Dismiss, is GRANTED.

2.      This case is DISMISSED WITHOUT PREJUDICE, as it is presently barred by
        <u>Heck v. Humphrey</u>.

**DONE AND ORDERED** this _ *25th* day of February, 2010

*s/Maurice M. Paul*
_____

Maurice M. Paul, Senior District Judge
